## Commonwealth v. Savko

*Walter H. Scott,* for Commonwealth.
*J. S. Jiuliante,* for defendant.

EVANS, P. J., February 2, 1951.—This matter is before us on appeal from a sentence imposed by Alderman M. S. Cobbett directing appellant to pay a fine of $25 and costs for violation of ordinance no. 547 of the City of Corry. This ordinance provides as follows:

"That it shall be unlawful for any person or persons to disturb the good order and quiet of the City of Corry by clamor or noise, by intoxication and drunkenness, by fighting and using obscene, profane or indecent language, on the sidewalks, streets or in any public place or building of said City, to the annoyance of any of its citizens, or to endanger or violate the public peace in any other manner by indecent or disorderly conduct, whether such conduct directly disturbs the tranquility of the City or consists in abusing, insulting, beating, striking, threatening to fight, provoking to quarrel, or any other unlawful act against the person or property of any individual, detrimental to the public peace, or lewd, lascivious behavior tending to subvert good order."

Testimony taken before this court shows that an argument arose between appellant and Police Officer Harlan M. Strane on the evening of March 22, 1949, at about 8:30 o'clock. At that time there was a style show in a high school building, and a large number of people were gathering. Some came on foot and some by automobile. The police officer was directing traffic and gave orders to defendant with respect to where his automobile might be driven and parked, to which defendant objected.

Defendant contends that he merely inquired from the officer as to why he was being discriminated against in certain respects. Further contention is made that the argument was not of such a nature as to affect the peace of the community as a whole and therefore was not disorderly conduct.

On behalf of the prosecutor, it is contended that defendant's action came within the scope of the above-recited ordinance which defines the offense of disorderly conduct in a broader sense than it is regarded under The Penal Code of June 24, 1939, P. L. 872.

The Act of June 10, 1947, P. L. 494, gives to cities of the third class the right to define disorderly conduct within the limits of the city and to provide for the imposition of penalties for the violation thereof. Judge Laub, in Commonwealth v. Guth, 31 Erie 210, held that such delegation of authority to define disorderly conduct is constitutional and proper. In City of Johnstown v. Troutman, 60 D. & C. 1, Judge Griffith, although deciding under the facts in that case that such an ordinance was invalid, nevertheless held that:

"There seems to be no doubt but that an ordinance enacted in pursuance of express authority to legislate upon a particular subject is valid although there may be statutes covering the same subject."

The only question here is as to whether or not appellant's protests against the action of the police officer were made in a proper manner or in such a way as to cause a public disturbance or amount to disorderly conduct as defined in the ordinance.

We conclude that the alderman properly found that appellant went out of his way to provoke a quarrel and question the authority of the police officer. Nothing by way of defense was shown from which we could find other than that appellant, irked at being required to follow directions of the police officer with respect to traffic, became belligerent, abusive and insulting, in violation of ordinance no. 574. The only reason that public tranquillity was not disturbed to a greater degree was the officer's self-restraint.

And now, to wit, February 2, 1951, defendant is adjudged guilty of the offense charged and he is directed to appear for sentence Thursday, February 8, 1951, at 10 o'clock a. m.